## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | |
|---|---|
| JOSHUA WHITMAN, individually and on behalf of similarly situated individuals,     ) <br> ) <br> ) <br> *Plaintiff*,     ) <br> ) <br> v.     ) <br> ) <br> BUMBLE TRADING LLC, a Delaware Limited Liability Company,     ) <br> ) <br> *Defendant*.     ) <br> ) | No. 2:22-cv-02100-CSB-EIL <br><br><br> **JURY TRIAL DEMANDED** |

### FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Joshua Whitman ("Plaintiff") both individually and on behalf of other similarly situated individuals, brings this First Amended Class Action Complaint against Defendant Bumble Trading LLC, ("Defendant" or "Bumble") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(b) & (d) ("BIPA"). Plaintiff alleges the following based on personal knowledge as to Plaintiff's own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

### INTRODUCTION

1.    "Biometrics" refers to a "biology-based set[s] of measurements." *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088, 1094 (N.D. Ill. 2017). Specifically, "biometrics" are "a set of measurements of a specified physical component (eye, finger, voice, hand, face)." *Id.* at 1296.

2.    BIPA was enacted in 2008 in order to safeguard individuals' biometrics as the result of the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. BIPA is codified as Act 14 in Chapter 740 of the Illinois Compiled Statutes.

3.      As set forth in BIPA, biologically unique identifiers, such as a person's unique facial geometry, cannot be changed. 740 ILCS 14/5(c). The inalterable nature of biologically unique identifiers presents a heightened risk when an individual's biometrics are not protected in a secure and transparent fashion. 740 ILCS 14/5(d)–(g).

4.      As a result of the need for enhanced protection of biometrics, BIPA imposes various requirements on private entities that collect or maintain individuals' biometrics, including facial scans.

5.      Among other things, BIPA seeks to regulate "the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." 740 ILCS 14/5(g). BIPA thus applies to entities that interact with two forms of biometric data: biometric "identifiers" and biometric "information." 740 ILCS 14/15(a)-(e).

6.      BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints, voiceprints, palm scans and facial geometry. "Biometric identifiers" are physiological, as opposed to behavioral, characteristics. BIPA's text provides a non-exclusive list of protected "biometric identifiers," including "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10.

7.      "Biometric information" is defined by BIPA as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id*. This definition helps ensure that information based on a biometric identifier that can be used to identify a person is covered by BIPA. Collectively, biometric identifiers and biometric information are known as "biometrics."

8.      In BIPA, the Illinois General Assembly identified five distinct activities that may subject private entities to liability:

a.     possessing biometrics without a proper policy publicly available, 740 ILCS 14/15(a);

b.     collecting, capturing, purchasing, receiving, or obtaining biometrics, 740 ILCS 14/15(b);

c.     selling, leasing, trading, or profiting from biometrics, 740 ILCS 14/15(c);

d.     disclosing or disseminating biometrics, 740 ILCS 14/15(d); and

e.     failing to secure biometric data using a reasonable standard of care, 740 ILCS 14/15(e).

9.     As the Illinois Supreme Court has held, BIPA "codified that individuals possess a right to privacy in and control over their biometric identifiers and biometric information." *Rosenbach v. Six Flags Entm't Corp*., 2019 IL 123186, ¶ 33, 129 N.E.3d 1197, 1206 (Ill. 2019). The Illinois Supreme Court further held that when a private entity fails to comply with BIPA "that violation constitutes an invasion, impairment, or denial of the statutory rights of any person or customer whose biometric identifier or biometric information is subject to the breach." *Id.*

## PARTIES

10.     Defendant Bumble Trading LLC is a Delaware limited liability company whose headquarters are located in Austin, Texas.

11.     Plaintiff Joshua Whitman is a resident of Illinois.

## JURISDICTION AND VENUE

12.     This case has been removed to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq.*, because this case is a class action in which Defendant has stated: the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendant; and none of the exceptions under subsection § 1332(d) apply.

13.    This Court may assert personal jurisdiction over Defendant, because Defendant knowingly does business within Illinois and knowingly transacts business in Illinois such that it has sufficient minimum contacts with Illinois and/or has purposely availed itself of Illinois markets to make it reasonable for this Court to exercise jurisdiction over Defendant.

14.    Defendant's primary business involves operating its mobile dating application, Bumble, which it actively promotes and advertises to consumers throughout Illinois.[1] Indeed, Defendant has over 42 million users in the United States,[2] with Chicago, Illinois being the third-most populous city in the country and the third-largest target market for its Bumble application.

15.    As explained in further detail below, Plaintiff's allegations arise out of Defendant's actions in operating and providing its Bumble application to tens of thousands of consumers located within Illinois as Defendant obtained Plaintiff's and the other class member's biometrics through consumers' use of the Bumble application in Illinois, and in this District.

16.    Furthermore, Defendant was at all times aware that it was interacting with individuals located in Illinois as Defendant's Bumble application is location based and requires the user's device location data in order to operate and find nearby dating matches.

17.    Venue is proper in this District because a substantial part of the events giving rise to Plaintiff's claims occurred in this District as this District is where Plaintiff's facial biometrics were obtained by Defendant.

---

[1] *See e.g.* https://patch.com/illinois/chicago/calendar/event/20220624/1883739/bumble-x-summer-friday-beach-day; https://secretchicago.com/win-bumble-dating-experiences/; www.marketingdive.com/news/cointreau-mixes-with-bumble-for-margarita-mondays/555199/; https://bumble.events/wndrafterdarkjuly; https://bumble.events/paradiseparkhappyhourjuly1; https://bumble.events/lnsashaalexsloandaljuly; https://bumble.events/soulcyclechicagoaug; https://thevendry.com/events/40500/bumble-hive-lollapalooza-chicago.
[2] www.businessinsider.com/bumble-files-to-go-public-ipo-2021-1.

## COMMON ALLEGATIONS OF FACT

18.     Defendant operates a mobile application called Bumble which is one of the world's largest and most well-known and used online dating services.

19.     As of 2021, Bumble has stated that it had 42 million daily users accounts, which includes hundreds of thousands of users located within Illinois, one of Bumble's top markets.[3]

20.     As with other mobile dating applications, when creating a profile on Bumble, users are required to upload at least more than one photo that clearly shows their face that other users can look at when deciding whether they wish to connect with the person.

21.      However, unbeknownst to its users, Defendant employs an Artificial Intelligence ("AI") image moderation system that detects, collects, stores and disseminates the biometric facial geometry of every face that appears on a Bumble profile.[4] Defendant employs its AI image moderation system to enforce its internal rules relating to what content users can post on their profiles.

22.     Among other attributes that Defendant's AI image moderation systems looks for when reviewing a user's profile is whether there is a face present, how many faces are present, whether any of those faces potentially belong to a minor, and whether that minor is accompanied by anyone else or is fully clothed.

23.      If a possible violation is detected by Defendant's AI image moderation system the image is flagged and sent to Bumble's moderation team to determine if it is in violation of Bumble's rules.[5]

24.     Defendant's AI image moderation technology operates by extracting and analyzing

---

[3] *Id.*
[4] https://bumble.com/the-buzz/no-more-mirror-selfies-youre-welcome-folks.
[5] https://bumble.com/en/help/why-has-my-photo-been-moderated.

the facial geometry of individuals whose faces appear in images that are uploaded by Bumble's users to the Bumble application.

25.     Critically, while users of Defendant's Bumble application that upload photos of themselves may be aware that Defendant is employing moderation tools, many, if not most of the photos that are uploaded by Bumble users feature other individuals who have no knowledge that they appear in the user's profile or that their facial biometrics are being extracted and analyzed by Defendant.

26.     As such, through its AI image moderation system, Defendant has extracted, detected, collected, used, analyzed and disseminated the facial biometrics of thousands of individuals from mobile devices located in Illinois.

27.     Critically, Defendant's Bumble application operates by obtaining geographical locations of all of its users in order to match users who are located in the same city or locality.[6] Accordingly, Defendant is aware that it is collecting individuals' facial biometrics from mobile devices located in Illinois.

28.     Nonetheless, Defendant has failed to obtain written consent from the thousands of people who are featured in photos uploaded from mobile devices within Illinois before extracting, processing, collecting, storing, using, analyzing and disseminating their facial biometrics.

**FACTS SPECIFIC TO PLAINTIFF JOSHUA WHITMAN**

29.     Plaintiff Joshua Whitman has never been a user of Bumble's services.

30.     However, sometime in 2021 Plaintiff became aware that a friend of his who resided and was located in Illinois had uploaded a photo to Bumble in which Plaintiff is clearly visible.

---

[6] www.news18.com/news/tech/vulnerability-in-dating-app-bumble-revealed-users-location-now-fixed-by-company-4137080.html.

31.     When Bumble received the uploaded photo featuring Plaintiff's face, Defendant's AI image moderation system automatically analyzed the photo and extracted Plaintiff's facial biometrics to ensure that the photo did not violate any of Bumble's content restrictions. At the time that Defendant's AI image moderation system performed the biometric analysis, the mobile device that uploaded the photo transmitted its location data to Defendant, informing it that the device was located in Illinois such that Defendant was aware where the biometric data it was collecting was coming from.

32.     Plaintiff, like many other individuals who were featured in photos uploaded to Bumble from devices located in Illinois, did not receive an opportunity to make an informed decision or even have an option afforded to him to decline Defendant's extraction, collection, and dissemination of his facial biometrics.

33.     Defendant never obtained written consent from Plaintiff before extracting, storing, using, analyzing, and disseminating his facial biometrics.

34.     In addition, Defendant never provided Plaintiff with any written disclosures informing him of the specific purpose and length of term for which his biometrics were being used.

35.      Plaintiff and the thousands of other members of the Class had their biometrics collected from within this state and are thus afforded the protections of BIPA which were violated by Defendant when it extracted, collected, used, stored and disseminated their facial biometrics without first obtaining the written consent to do so.

36.     Plaintiff, on behalf of himself and the proposed Class defined below, seeks an injunction requiring Defendant to comply with BIPA's statutory requirements, as well as an award of statutory damages to the Class, together with costs and reasonable attorneys' fees.

## CLASS ALLEGATIONS

37.    Plaintiff brings this action on his own behalf and on behalf of a class of similarly situated individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to represent a class as defined below:

**Class**: All individuals whose biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated or otherwise used by or on behalf of Defendant within the state of Illinois any time within the applicable limitations period.

38.    Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officer or director.

39.    There are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

40.    Plaintiff's claims are typical of the claims of the Class he seeks to represent because the bases of Defendant's liability to Plaintiff and the Class is substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class.

41.    There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

a.  Whether Defendant collects, captures, or otherwise obtains facial biometric identifiers or biometric information from its users located in Illinois;

b.  Whether Defendant failed to inform Plaintiff and the Class members in writing that their facial biometrics were being collected and stored, prior to

8

such collection or storage, as required by 740 ILCS 14/15(b)(1);

c. Whether Defendant failed to inform Plaintiff and the Class members in writing of the specific purpose for which their facial biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

d. Whether Defendant failed to inform Plaintiff and the Class members in writing of the specific length of term their facial biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

e. Whether Defendant failed to obtain a written release from Plaintiff and the Class members, as required by 740 ILCS 14/15(b)(3);

f. Whether Defendant failed to obtain informed consent to disclose or disseminate the Class members' facial biometrics, as required by 740 ILCS 14/15(d)(1).

g. Whether Defendant's conduct violates BIPA;

h. Whether Defendant's BIPA violations are willful or reckless; and

i. Whether Plaintiff and the Class are entitled to damages and injunctive relief.

42.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

43.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are

9

committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class.

44.     Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

<u>**COUNT I**</u>
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(b)**
**(On behalf of Plaintiff and the Class)**

45.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

46.     Defendant is a private entity under BIPA.

47.     As discussed above Plaintiff and the other Class members have had their "biometric identifiers," namely their facial biometrics, collected, captured, stored, disseminated, transmitted, or otherwise used by Defendant's AI image moderation system when photos featuring them were uploaded to Defendant's Bumble application from within Illinois.

48.     BIPA requires private entities, such as Defendant, to obtain informed written consent from individuals before acquiring their biometric identifiers or biometric information. Specifically. BIPA makes it unlawful to "collect, capture, purchase receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject. . . in writing that the biometric identifier or biometric information is being collected and stored; (2) informs the subject . . . in writing that the specific purpose and length of which the biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the

biometric identifier or biometric information . . ." 740 ICLS 14/15(b).

49.    Each time the Defendant's AI image moderation system reviewed an uploaded photo featuring Plaintiff and other Class members faces from within Illinois, Defendant extracted, captured, analyzed, collected, used, or otherwise obtained Plaintiff's and the other Class members' facial biometric identifiers and/or information without first obtaining the valid written consent and without complying with BIPA, thus violating BIPA.

50.    Defendant's practice with respect to analyzing, capturing, collecting, obtaining, storing, and using biometrics fails to comply with applicable BIPA requirements:

    a.    Defendant failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected, prior to such collection as required by 740 ILCS 14/15(b)(1);

    b.    Defendant failed to inform Plaintiff and the members of the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

    c.    Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3).

51.    As a result, Defendant has violated Section 15(b) of BIPA.

52.    Defendant knew, or was reckless in not knowing, that its utilization of its AI image moderation system to review every photo uploaded by users it knew were located in Illinois would be subject to 15(b) of BIPA, a statutory provision passed in 2008, yet failed to comply with the statute.

53.    Plaintiff and the thousands of other individuals whose faces had appeared in a photo that was uploaded to Bumble and reviewed by its AI image moderation system from within Illinois, have had their rights violated under 740 ILCS 14/15(b).

54.    BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740

11

ILCS 14/20(1)-(2).

55.     Defendant's violations of Section 15(b) of BIPA, which has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with Section 15(b) of BIPA.

56.     Accordingly, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

**COUNT II**
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(d)**
**(On behalf of Plaintiff and the Class)**

57.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

58.     Defendant is a private entity under BIPA.

59.     BIPA requires private entities, such as Defendant, to obtain consent from individuals before disclosing, redisclosing, or otherwise disseminating their biometric identifiers or biometric information.

60.     Plaintiff and the other Class members have had their "biometric identifiers," namely their facial geometry, or information derived therefrom, *i.e.* "biometric information," collected, captured, or otherwise obtained by Defendant.

61.     Defendant then disseminated such biometrics to third parties, including data analysis and storage vendors, without gaining Plaintiff's and the other Class members' consent.

62.     Defendant thus failed to obtain consent to disclose or disseminate the Class' biometrics to third parties, as required by 740 ILCS 14/15(d)(1).

63.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

12

64. Defendant's violations of BIPA, a statute that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA.

65. Accordingly, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative, and the undersigned as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(2);

e. Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(1);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses, pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

Dated: July 7, 2022

Respectfully submitted,

JOSHUA WHITMAN, individually and on behalf of similarly situated individuals

By:    /s/ Eugene Y. Turin
       *One of Plaintiff's Attorneys*

Eugene Y. Turin (ARDC 6317282)
Timothy P. Kingsbury (ARDC 6329936)
Colin P. Buscarini (ARDC 6332509)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
tkingsbury@mcgpc.com
cbuscarini@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*