IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA WHITMAN, individually and on behalf of similarly situated individuals, ) ) ) | |
| Plaintiff, ) ) | Case No. 2:22-cv-02100 |
| v. ) ) | Hon. Colin Stirling Bruce |
| BUMBLE TRADING LLC, a Delaware limited liability company, ) ) ) | |
| Defendant. ) | |

**ANSWER TO AMENDED COMPLAINT**

Defendant Bumble Trading LLC hereby answers Plaintiff's Amended Complaint (the "Complaint"). Any and all allegations not specifically admitted herein are denied. To the extent the Complaint asserts conclusions of law, such conclusions of law require no response. To the extent any response is required to headings or other unnumbered paragraphs in the Complaint, Defendant denies the factual allegations, if any, contained in such headings or unnumbered paragraphs. As for the preliminary paragraph in the Complaint, Defendant admits that Plaintiff purports to bring a civil class action under the Illinois Biometric Information Privacy Act, 740 ILCS 14/15 ("BIPA"). Defendant denies that Plaintiff or any putative Class Member has suffered any injury or is entitled to any relief in this action. Except as otherwise stated, Defendant denies the allegations in the preliminary paragraph of the Complaint.

**INTRODUCTION**

1. Responding to paragraph 1 of the Complaint, Defendant states that, to the extent paragraph 1 references or purports to summarize, interpret, or quote a statute or court opinion, the document speaks for itself, and Defendant denies any characterization of the document that is inconsistent with its contents. Defendant further states that, insofar as allegations in paragraph 1 state conclusions of law, no response is required.

1

2. Responding to paragraph 2 of the Complaint, Defendant states that, to the extent paragraph 2 references or purports to summarize, interpret, or quote a statute, legislative history, or transcript, the document speaks for itself, and Defendant denies any characterization of the document that is inconsistent with its contents. Defendant further states that, insofar as allegations in paragraph 2 state conclusions of law, no response is required.

3. Responding to paragraph 3 of the Complaint, Defendant states that, to the extent paragraph 3 references or purports to summarize, interpret, or quote a statute, the statute speaks for itself, and Defendant denies any characterization of the statute that is inconsistent with its contents. Defendant further states that, insofar as allegations in paragraph 3 state conclusions of law, no response is required.

4. Responding to paragraph 4 of the Complaint, Defendant states that, to the extent paragraph 4 references or purports to summarize, interpret, or quote a statute, the statute speaks for itself, and Defendant denies any characterization of the statute that is inconsistent with its contents. Defendant further states that, insofar as allegations in paragraph 4 state conclusions of law, no response is required.

5. Responding to paragraph 5 of the Complaint, Defendant states that, to the extent paragraph 5 references or purports to summarize, interpret, or quote a statute, the statute speaks for itself, and Defendant denies any characterization of the statute that is inconsistent with its contents. Defendant further states that, insofar as allegations in paragraph 5 state conclusions of law, no response is required.

6. Responding to paragraph 6 of the Complaint, Defendant states that, to the extent paragraph 6 references or purports to summarize, interpret, or quote a statute, the statute speaks for itself, and Defendant denies any characterization of the statute that is inconsistent with its contents. Defendant further states that, insofar as allegations in paragraph 6 state conclusions of law, no response is required.

7. Responding to paragraph 7 of the Complaint, Defendant states that, to the extent

paragraph 7 references or purports to summarize, interpret, or quote a statute, the statute speaks for itself, and Defendant denies any characterization of the statute that is inconsistent with its contents. Defendant further states that, insofar as allegations in paragraph 7 state conclusions of law, no response is required.

8.  Responding to paragraph 8 of the Complaint, Defendant states that, to the extent paragraph 8 references or purports to summarize, interpret, or quote a statute, the statute speaks for itself, and Defendant denies any characterization of the statute that is inconsistent with its contents. Defendant further states that, insofar as allegations in paragraph 8 state conclusions of law, no response is required.

9.  Responding to paragraph 9 of the Complaint, Defendant states that, to the extent paragraph 9 references or purports to summarize, interpret, or quote a statute or court opinion, the document speaks for itself, and Defendant denies any characterization of the document that is inconsistent with its contents. Defendant further states that, insofar as allegations in paragraph 9 state conclusions of law, no response is required.

## PARTIES

10. Responding to paragraph 10 of the Complaint, Defendant admits that it is a Delaware limited liability company with headquarters located in Austin, Texas.

11. Responding to paragraph 11 of the Complaint, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff and, on that basis, denies those allegations.

## JURISDICTION AND VENUE

12. Responding to paragraph 12 of the Complaint, Defendant states that, to the extent paragraph 12 references or purports to summarize, interpret, or quote 28 U.S.C. § 1332, the statute speaks for itself, and Defendant denies any characterization of the statute that is inconsistent with its contents. Defendant admits that at least one member of the putative Class is a citizen of a state different from Defendant. Defendant denies that class treatment is

appropriate but admits that Plaintiff alleges the requisite number of Class Members and amount in controversy pursuant to § 1332 and on that basis, Defendant removed the case to this Court. Defendant further denies that Plaintiff or any member of the putative Class has suffered any injury or damages. Except as otherwise stated, Defendant denies the allegations in paragraph 12 of the Complaint.

13. Responding to paragraph 13 of the Complaint, Defendant admits that, in its October 20, 2023, Order, the Court ruled that it has personal jurisdiction over Defendant with respect to the actions alleged in the Complaint. (ECF No. 28.) Except as otherwise stated, Defendant denies the allegations in paragraph 13 of the Complaint.

14. Responding to paragraph 14 of the Complaint, Defendant admits that it advertises and markets the Bumble online dating and social networking application (the "Bumble App"). Defendant further admits that as of January 2021, the Bumble App had a monthly user base of 42 million users. Defendant further admits that according to U.S. census data, as of 2022, Chicago is the third most populous city in the United States. To the extent paragraph 14 references or purports to summarize, interpret, or quote any portion of a website, article, or statement, the website or document speaks for itself, and Defendant denies any characterization of the website or document that is inconsistent with their contents. Except as otherwise stated, Defendant denies the allegations in paragraph 14 of the Complaint.

15. Responding to paragraph 15 of the Complaint, Defendant admits that Plaintiff bases his claims on conduct that Plaintiff alleges Defendant undertook. Except as otherwise stated, Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant states that, insofar as the allegations in paragraph 17 state conclusions of law, no response is required. Except as otherwise stated, Defendant denies the allegations in paragraph 17 of the Complaint.

## COMMON ALLEGATIONS OF FACT

18.     Responding to paragraph 18 of the Complaint, Defendant admits that it operates the Bumble App. To the extent paragraph 18 is directed at other dating sites or parties not named in this action, no response is required. Except as otherwise stated, Defendant denies the allegations in paragraph 18 of the Complaint.

19.     Responding to paragraph 19 of the Complaint, Defendant admits that, as of January 2021, the Bumble App had a monthly userbase of 42 million users and more than two thousand Illinois users. To the extent paragraph 19 references or purports to summarize, interpret, or quote any portion of a website, article, or statement, the website or document speaks for itself, and Defendant denies any characterization of the website or document that is inconsistent with their contents. Except as otherwise stated, Defendant denies the allegations in paragraph 19 of the Complaint.

20.     Responding to paragraph 20 of the Complaint, Defendant states that the Bumble App community guidelines require at least one profile photo that clearly depicts the user's full face. To the extent paragraph 20 is directed at other dating sites or parties not named in this action, no response is required. Except as otherwise stated, Defendant denies the allegations in paragraph 20 of the Complaint.

21.     Responding to paragraph 21 of the Complaint, Defendant states that to the extent paragraph 21 references or purports to summarize, interpret, or quote from any portion of Bumble.com, the website speaks for itself, and Defendant denies any characterization of the website that is inconsistent with its contents. Except as otherwise stated, Defendant denies the allegations in paragraph 21 of the Complaint.

22.     Responding to paragraph 22 of the Complaint, Defendant states that, consistent with the Bumble App privacy policy and terms and conditions of use, a combination of automated systems and a team of moderators monitor and review accounts for content that breaches the terms and conditions of use. Except as otherwise stated, Defendant denies the allegations in

paragraph 22 of the Complaint.

23.     Responding to paragraph 23 of the Complaint, Defendant states that to the extent paragraph 23 references or purports to summarize, interpret, or quote any portion of Bumble.com, the website speaks for itself, and Defendant denies any characterization of the website that is inconsistent with its contents. Except as otherwise stated, Defendant denies the allegations in paragraph 23 of the Complaint.

24.     Defendant denies the allegations in paragraph 24 of the Complaint.

25.     Responding to paragraph 25 of the Complaint, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding individuals' subjective awareness, and on that basis denies those allegations. Except as otherwise stated, Defendant denies the allegations in paragraph 25 of the Complaint.

26.     Defendant denies the allegations in paragraph 26 of the Complaint.

27.     Responding to paragraph 27 of the Complaint, Defendant states that to the extent paragraph 27 references or purports to summarize, interpret, or quote any portion of a website, the website speaks for itself, and Defendant denies any characterization of the website that is inconsistent with its contents. Except as otherwise stated, Defendant denies the allegations in paragraph 27 of the Complaint.

28.     Defendant denies the allegations in paragraph 28 of the Complaint.

## **FACTS SPECIFIC TO PLAINTIFF JOSHUA WHITMAN**

29.     Responding to paragraph 29 of the Complaint, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff and on that basis denies those allegations.

30.     Responding to paragraph 30 of the Complaint, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's subjective awareness and conduct allegedly undertaken by an unidentified individual, and on that basis denies those allegations.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Responding to paragraph 32 of the Complaint, Defendant states that Plaintiff is not a user of the Bumble App and was unknown to Defendant prior to the commencement of this suit. Defendant is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's opportunities or options with respect to any photos in which Plaintiff is included, and on that basis denies those allegations. Except as otherwise stated, Defendant denies the allegations in paragraph 32 of the Complaint.

33. Responding to paragraph 33 of the Complaint, Defendant states that Plaintiff is not a user of the Bumble App and was unknown to Defendant prior to the commencement of this suit. Defendant is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's actions with respect to any photos in which Plaintiff is included, and on that basis denies those allegations. Except as otherwise stated, Defendant denies the allegations in paragraph 33 of the Complaint.

34. Responding to paragraph 34 of the Complaint, Defendant states that Plaintiff is not a user of the Bumble App and was unknown to Defendant prior to the commencement of this suit. Defendant is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff did, or had opportunities to, review written disclosures regarding the Bumble App, and on that basis denies those allegations. Except as otherwise stated, Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Responding to paragraph 36 of the Complaint, Defendant admits that Plaintiff seeks damages, equitable remedies, and attorneys' fees and costs. Defendant denies that either Plaintiff or putative Class Members have experienced any injury or are entitled to monetary or other relief or attorneys' fees and costs in this action. Defendant denies that class treatment is appropriate. Except as otherwise stated, Defendant denies the allegations in paragraph 36 of the Complaint.

## CLASS ALLEGATIONS

37. Responding to paragraph 37 of the Complaint, Defendant admits that Plaintiff purports to bring a class action against Defendant and seeks to represent a proposed Class. Defendant denies that class treatment is appropriate. Except as otherwise stated, Defendant denies the allegations in paragraph 37 of the Complaint.

38. Responding to paragraph 38 of the Complaint, Defendant admits that Plaintiff seeks to exclude certain persons from his proposed Class. Defendant denies that class treatment is appropriate. Except as otherwise stated, Defendant denies the allegations in paragraph 38 of the Complaint.

39. Responding to paragraph 39 of the Complaint, Defendant admits that Plaintiff purports to bring a class action against Defendant. Defendant denies that class treatment is appropriate. Except as otherwise stated, Defendant denies the allegations in paragraph 39 of the Complaint.

40. Responding to paragraph 40 of the Complaint, Defendant admits that Plaintiff purports to bring a class action against Defendant. Defendant denies that class treatment is appropriate. Except as otherwise stated, Defendant denies the allegations in paragraph 40 of the Complaint.

41. Responding to paragraph 41 of the Complaint, Defendant admits that Plaintiff purports to bring a class action against Defendant and alleges purported common factual or legal issues. Defendant denies that class treatment is appropriate. Except as otherwise stated, Defendant denies the allegations in paragraph 41 of the Complaint.

42. Responding to paragraph 42 of the Complaint, Defendant admits that Plaintiff purports to bring a class action against Defendant. Defendant denies that class treatment is appropriate. Except as otherwise stated, Defendant denies the allegations in paragraph 42 of the Complaint.

43. Responding to paragraph 43 of the Complaint, Defendant admits that Plaintiff

purports to bring a class action against Defendant. Defendant denies that class treatment is appropriate. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's and his counsel's commitment to prosecuting this action or financial resources to do so, or his counsel's class action experience, and on that basis denies those allegations. Except as otherwise stated, Defendant denies the allegations in paragraph 43 of the Complaint.

44. Responding to paragraph 44 of the Complaint, Defendant admits that Plaintiff purports to bring a class action against Defendant. Defendant denies that class treatment is appropriate. Except as otherwise stated, Defendant denies the allegations in paragraph 44 of the Complaint.

## COUNT I
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(b)**
**(On behalf of Plaintiff and the Class)**

45. Responding to paragraph 45 of the Complaint, Defendant realleges and incorporates its responses to the previous allegations of the Complaint.

46. Responding to paragraph 46 of the Complaint, Defendant states that insofar as allegations in Paragraph 46 of the Complaint state conclusions of law, no response is required.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Responding to paragraph 48 of the Complaint, Defendant states that, to the extent paragraph 48 references or purports to summarize, interpret, or quote a statute, the statute speaks for itself, and Defendant denies any characterization of the statute that is inconsistent with its contents. Defendant further states that, insofar as allegations in paragraph 48 state conclusions of law, no response is required.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

50. Defendant denies the allegations in paragraph 50 of the Complaint.

51. Defendant denies the allegations in paragraph 51 of the Complaint.

52. Defendant denies the allegations in paragraph 52 of the Complaint.

53. Defendant denies the allegations in paragraph 53 of the Complaint.

54. Responding to paragraph 54 of the Complaint, Defendant states that, to the extent paragraph 54 references or purports to summarize, interpret, or quote a statute, the statute speaks for itself, and Defendant denies any characterization of the statute that is inconsistent with its contents. Defendant further states that, insofar as allegations in paragraph 54 state conclusions of law, no response is required.

55. Defendant denies the allegations in paragraph 55 of the Complaint.

56. Responding to paragraph 56 of the Complaint, Defendant admits that Plaintiff seeks damages, equitable remedies, and attorneys' fees and costs for himself and for the putative Class Members. Defendant denies that class treatment is appropriate and denies that Plaintiff or any putative Class Member has suffered any injury or is entitled to any relief in this action. Except as otherwise stated, Defendant denies the allegations in paragraph 56 of the Complaint.

## COUNT II
### Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(d)
### (On behalf of Plaintiff and the Class)

57. Responding to paragraph 57 of the Complaint, Defendant realleges and incorporates its responses to the previous allegations of the Complaint.

58. Responding to paragraph 58 of the Complaint, Defendant states that insofar as allegations in Paragraph 58 of the Complaint state conclusions of law, no response is required.

59. Responding to paragraph 59 of the Complaint, Defendant states that, to the extent paragraph 59 references or purports to summarize, interpret, or quote a statute, the statute speaks for itself, and Defendant denies any characterization of the statute that is inconsistent with its contents. Defendant further states that, insofar as allegations in paragraph 59 state conclusions of law, no response is required.

60. Defendant denies the allegations in paragraph 60 of the Complaint.

61. Defendant denies the allegations in paragraph 61 of the Complaint.

62. Defendant denies the allegations in paragraph 62 of the Complaint.

63.     Responding to paragraph 63 of the Complaint, Defendant states that, to the extent paragraph 63 references or purports to summarize, interpret, or quote a statute, the statute speaks for itself, and Defendant denies any characterization of the statute that is inconsistent with its contents. Defendant further states that, insofar as allegations in paragraph 63 state conclusions of law, no response is required.

64.     Defendant denies the allegations in paragraph 64 of the Complaint.

65.     Responding to paragraph 65 of the Complaint, Defendant admits that Plaintiff seeks damages, equitable remedies, and attorneys' fees and costs for himself and for the putative Class Members. Defendant denies that class treatment is appropriate and denies that Plaintiff or any putative Class Member has suffered any injury or is entitled to any relief in this action. Except as otherwise stated, Defendant denies the allegations in paragraph 65 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff or any putative Class Member is entitled to any of the requested relief, including the relief requested in paragraphs (a) through (h) under the section titled "Prayer for Relief."

## AFFIRMATIVE DEFENSES

As to affirmative defenses to the Complaint, Defendant does not, by stating the matters set forth in these defenses, assume the burden of proof or persuasion on any matters as to which Plaintiff has the burden of proof or persuasion. The following affirmative defenses are based on Defendant's knowledge, information, and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any affirmative defense contained in this Answer. Defendant reserves the right to assert other defenses as information is gathered through discovery and investigation.

### FIRST AFFIRMATIVE DEFENSE
### (Lack of Injury)

Plaintiff and/or putative Class Members' claims are barred because Plaintiff and/or putative

Class Members have not suffered any injury from the conduct alleged in the Complaint.

## SECOND AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff and/or putative Class Members' claims are barred to the extent that Plaintiff and/or putative Class Members unreasonably delayed before pursuing their purported rights.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff and/or putative Class Members' claims are barred to the extent that Plaintiff and/or putative Class Members failed to mitigate alleged damages to the extent they allowed one or more third parties to obtain their photograph(s), knew about, consented to, or participated in the upload of their photograph(s) to the Bumble App by a third party, or otherwise took no action to prevent distribution of their photograph(s), thus failing to mitigate. Any damages awarded to Plaintiff and/or putative Class Members should be reduced accordingly.

## FOURTH AFFIRMATIVE DEFENSE
### (Lack of Causation)

Plaintiff and/or putative Class Members' claims are barred to the extent that the conduct of a third party was the actual or proximate cause of any loss suffered by Plaintiff and/or any putative Class Member. Plaintiff, himself, alleges that it was "a friend of his" who uploaded to the Bumble App a photo that included Plaintiff, and Plaintiff further alleges that such action caused him harm. (Compl. ¶¶ 30, 47.)

## FIFTH AFFIRMATIVE DEFENSE
### (Comparative Fault or Offset)

Defendant alleges that all or part of the damages alleged in the Complaint were caused by the acts and/or omissions of other persons or entities (including, without limitation, acts and/or omissions of Plaintiff and/or putative Class Members and/or persons who acted on their behalf, for whose conduct Defendant is not legally responsible). Therefore, if Plaintiff and/or putative Class Members are found to be entitled to recover any of the alleged damages, Defendant's share thereof must be apportioned or reduced to the extent that such damages are attributable to persons

or entities other than Defendant.

### SIXTH AFFIRMATIVE DEFENSE
### (Extraterritoriality)

Plaintiff and/or putative Class Members' claims are barred because BIPA does not have extraterritorial effect, and Plaintiff cannot demonstrate that Defendant collected or captured biometric identifiers or information or took any action in Illinois relevant to the alleged BIPA violation, in Illinois. Therefore, Plaintiff cannot establish that any BIPA violation took place primarily and substantially in Illinois as is necessary to sustain a claim under Illinois' extraterritoriality doctrine.

### SEVENTH AFFIRMATIVE DEFENSE
### (Consent)

Plaintiff and/or putative Class Members consented to Defendant's alleged collection of biometric identifiers to the extent they knew about, participated in, and/or allowed their photographs to be uploaded to the Bumble App.

### EIGHTH AFFIRMATIVE DEFENSE
### (Intervening Acts)

Plaintiff and/or putative Class Members' claims are barred because intervening acts by third parties caused all or part of the harm Plaintiff alleges. Plaintiff alleges that it was "a friend of his" who uploaded a photo to the Bumble App that included Plaintiff. (Compl. ¶ 30.) Moreover, while the Bumble App is globally available, Plaintiff alleges that he "has never been a user of Bumble's services." (*Id*. ¶ 29.) Thus, as Plaintiff alleges, it was his friend who intervened by uploading a photograph of Plaintiff, who is unknown and unascertainable to Defendant. (*Id*. ¶ 30.) Defendant cannot be liable where such third parties intervened to cause Plaintiff's and/or putative Class Members' photograph(s) to be distributed or uploaded on the Bumble App.

### NINTH AFFIRMATIVE DEFENSE
### (Substantial Compliance and Good Faith)

Plaintiff and/or putative Class Members' claims are barred because Defendant substantially

complied with BIPA, under which an individual (like Plaintiff) whose identity was unknown and unascertainable to Defendant cannot maintain claims against Defendant for lack of notice or consent. To the extent that BIPA applies to Defendant's conduct as alleged in the Complaint, Defendant is not liable because it relied in good faith on a reasonable interpretation of BIPA's notice and consent provisions with respect to unknown, unidentified, and unascertainable individuals who allege that their biometric identifiers or information were collected.

**TENTH AFFIRMATIVE DEFENSE**
**(Assumption of Risk)**

Plaintiff and/or putative Class Members' claims are barred to the extent that Plaintiff and/or putative Class Members assumed the risk of their photograph(s) being distributed by others in a manner that allegedly caused a violation of BIPA. Plaintiff alleges that his friend uploaded to the Bumble App a photo that included Plaintiff. (Compl. ¶ 30.) To the extent Plaintiff knew that his friend obtained his photograph, or to the extent Plaintiff consented to or participated in his friend's distribution of his photograph, Plaintiff assumed the risk of any subsequent collection of biometric identifiers or information.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Adequate Remedy)**

Plaintiff and the putative Class Members cannot seek equitable relief because they have an adequate remedy at law and do not assert that money damages are insufficient to compensate them. Given Plaintiff's allegations and failure to allege that money damages are inadequate, Plaintiff and putative Class Members cannot seek equitable relief.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Waiver, Ratification, Acquiescence, Estoppel)**

The Complaint, and each of its purported causes of action, is barred, in whole or in part, by the doctrines of waiver, ratification, or acquiescence by reason of Plaintiff and the putative Class Members' actions and course of conduct.

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (Statute of Limitations)

While Plaintiff purports to limit the putative class to individuals "whose biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated or otherwise used by or on behalf of Defendant within the state of Illinois any time within the applicable limitations period," Defendant currently is without knowledge or information sufficient to identify when Plaintiff's and/or each putative Class Member's claims may have arisen. (Compl. ¶ 37.) As to Plaintiff specifically, he does not allege when his friend uploaded the photograph that purportedly included Plaintiff; Plaintiff alleges that he became aware that the photograph was uploaded "sometime in 2021." (*Id*. ¶ 30.) To the extent Plaintiff learned that his photograph was uploaded earlier in time, or to the extent that Plaintiff's and/or putative Class Members' claims accrued more than five years prior to the filing of the Complaint, such claims are barred by the applicable statute of limitations.

### FOURTEENTH AFFIRMATIVE DEFENSE
#### (Unconstitutionality)

Plaintiff and the putative Class Members' claims are barred because they are unconstitutional insofar as they violate the due process protections, the excessive fines clause of the Eighth Amendment, the Commerce Clause, and the Full Faith and Credit Clause of the United States Constitution, and provisions of any applicable state constitution.

### DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury on all issues upon which trial by jury may be had.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for the following relief:

1. Dismissing the Complaint with prejudice;

2. That judgment on the Complaint, and on each cause of action herein, be entered in favor of Defendant;

3. That this Court finds that this suit cannot be maintained as a class action;

4. That this Court denies Plaintiff and the putative Class Members relief of any kind;

5. That the request for equitable relief be denied;

6. That Defendant be awarded its costs incurred, including reasonable attorneys' fees;

and

7. For such other or further relief as this Court may deem just and equitable.

Dated: November 10, 2023                                     Respectfully submitted,

By: */s/ John Ellis*

John C. Ellis
ELLIS LEGAL P.C.
200 W. Madison Street, Suite 2670
Chicago, Illinois 60606
(312) 976-7629
jellis@ellislegal.com

Tiffany Cheung
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94104
(415) 268-7000
tcheung@mofo.com

**Counsel for Defendant**